IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL BOCHENSKI,
   *Plaintiff*,

   v.

M&T BANK,
   *Defendant*.

Civil Action No. ELH-14-1031

**MEMORANDUM**

Plaintiff Michael Bochenski, who is self-represented, filed suit on January 28, 2014, in the Circuit Court for Anne Arundel County, against defendant M&T Bank. ECF 2 (Complaint). In the Complaint, plaintiff raises allegations of fraud against M&T Bank, relating to a mortgage loan. *See id.* On April 2, 2014, M&T Bank removed the action to this Court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332, § 1441, and § 1446. *See* ECF 1 (Notice of Removal). Removal was timely, defendant asserts, because defendant was served on March 3, 2014, and removed the action within 30 days of service, pursuant to 28 U.S.C. § 1446(b). Notice of Removal ¶ 4.

This Memorandum addresses three motions filed by plaintiff, all of which request that this Court remand the case to the Circuit Court for Anne Arundel County. *See* "Motion to return for this Federal District Court's, court of record AND to return case to Maryland Circuit Court for Anne Arundel County in Annapolis Maryland as case number 02-C-14-185059" (ECF 10, the "Motion to Return"); "Writ of Error and Motion to Return Court Case to Original Jurisdiction" (ECF 14, the "Writ of Error"); and "Motion to Deny Defendant's Opposition and/or Request for a Hearing to Deny the Defendant's Deny Opposition" (ECF 16, the "Motion to Deny").

Defendant has filed oppositions to the Motion to Return (ECF 11, "1st Opp.") and to the Writ of Error (ECF 15, "2nd Opp.").[1]

No hearing is necessary to resolve plaintiff's motions. *See* Local Rule 105.6. For the reasons that follow, I will deny the three motions.

## I. Discussion

A. Motions to remand

In the Motion to Return, plaintiff requests, *inter alia*, that "this suit be returned to the Maryland Circuit Court for Anne Arundel County in Annapolis[,] Maryland to proceed under its own merits for hearing and/or trial." *Id.* at 1. *See also id.* at 4. Among other arguments, plaintiff challenges defendant's claims regarding the statutory basis for diversity jurisdiction. Defendant counters that M&T Bank is a New York citizen for diversity purposes and that, because plaintiff is a citizen of Maryland and the alleged amount in controversy exceeds $75,000, diversity jurisdiction exists. Thus, defendant maintains that removal of the suit to this Court was appropriate under 28 U.S.C. § 1332. *See* 1st Opp. at 1.

In the Writ of Error, plaintiff insists that this Court "is in error for allowing this case to be removed from the Circuit Court for Anne Arundel County in Annapolis[,] Maryland." *Id.* at 1. Defendant opposes the Writ of Error, reiterating its contention that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. 2nd Opp. at 1-3. Further, in the Motion to Deny, plaintiff again asks this Court remand the case to the Circuit Court for Anne Arundel County, and appears to request, in the alternative, a hearing regarding his Writ of Error. *See id.* at 1-2.

---

[1] As discussed, *infra*, defendant has also filed a motion to dismiss (ECF 9).

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Of relevance here, diversity jurisdiction requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010). Thus, "[i]f a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008).

"A challenge to a federal court's jurisdiction 'can never be forfeited or waived' because it concerns [the court's] 'very power to hear a case.'" *Gaines Motor Lines, Inc. v. Klaussner Furniture Industries, Inc.*, 734 F.3d 296, 301 (4th Cir. 2013) (quoting *United States v. Beasley*, 495 F.3d 142, 147 (4th Cir. 2007)) (internal quotation marks omitted). Indeed, even in the absence of a challenge to jurisdiction, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists. . . ." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *accord Gaines Motor Lines*, 734 F.3d at 301.

Turning first to the amount in controversy, "the sum claimed by plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *accord Choice Hotels Intern., Inc. v. Shiv Hospitality, L.L.C.*, 491 F.3d 171, 176 (4th Cir. 2007); *Joy Family Ltd. Partnership v. United Financial Banking Companies, Inc.*, 2013 WL 4647321, at *6 (D. Md. 2013); *see also Dow v. Jones*, 232 F. Supp. 2d 491, 497-98 (D. Md. 2002) ("It is well established that the sum claimed in the plaintiff's complaint determines the amount in controversy, barring bad faith or the legal impossibility of recovering such an amount."). Here, plaintiff seeks damages of at least $194,576.04, a sum that does not include punitive damages that are also sought. *See* Complaint at 26. Accordingly, the amount-in-controversy requirement for diversity jurisdiction is readily satisfied. *See* 28 U.S.C. § 1332(a).

With respect to plaintiff's domicile or citizenship, a natural person's "state citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile, and the existence of such citizenship cannot be inferred from allegations of mere residence, standing alone." *Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc.*, 145 F.3d 660, 663 (4th Cir. 1998) (internal citation omitted). In other words, for "purposes of diversity jurisdiction, residency is not sufficient to establish citizenship." *Johnson v. Advance Am., Cash Advance Ctrs. of S.C., Inc.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008). Rather, an individual is a citizen of the state where the person is domiciled, which "requires physical presence, coupled with an intent to make the State a home." *Id.* Here, plaintiff is identified in the Complaint as an "[i]nhabitant" of Maryland and, in particular, "a domicile," since 1987, at a specific address located in Annapolis, Maryland. Complaint at 1. That information is sufficient to establish plaintiff's Maryland citizenship for purposes of diversity jurisdiction.

Regarding corporate citizenship for diversity purposes, 28 U.S.C. § 1332(c)(1) provides that a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." M&T Bank is a New York corporation, with a principal place of business located in New York. Notice of Removal ¶ 8.

Accordingly, M&T Bank, identified as a citizen of New York for diversity purposes, is diverse from plaintiff, a Maryland citizen, thereby satisfying 28 U.S.C. § 1332(a)(1). It follows that removal was proper.

B.  Other relief requested by plaintiff

In the Motion to Return, plaintiff seeks several other forms of relief. In particular, plaintiff appears to argue that filings pertaining to the removal were not sent to him on the date found on M&T Bank's certificate of service. *See* Motion to Return at 2. In addition, plaintiff appears to challenge M&T Bank's use of a compact disk to submit those materials to the Court. *See id.* Based on such conduct, plaintiff requests that this Court find defense counsel to be in contempt of court, to remove John Y. Lee, Esq. as defense counsel, and to impose a fine on defense counsel. *See id.* at 3-5. Defendant opposes these requests for relief. 1st Opp. at 5-6.[2]

Plaintiff has not identified a valid basis for imposing the relief that he seeks. Accordingly, plaintiff's requests for other relief are denied.

---

[2] One of plaintiff's requests has been rendered moot, as attorney John Y. Lee, Esq. withdrew from this case as counsel to M&T Bank. *See* ECF 12 (Motion to Withdraw Appearance) and ECF 13 (Order granting Motion to Withdraw Appearance). As the docket reflects, M&T Bank continues to be represented by Brian L. Moffet, Esq.

C. Motion to dismiss

As indicated, defendant filed a Motion to Dismiss on April 8, 2014. *See* ECF 9. In its opposition to the Writ of Error, defendant observes that plaintiff "has failed to respond or otherwise oppose" the Motion to Dismiss. *See* 2nd Opp. at 1-2. I note that, in the Motion to Return, plaintiff states: "It is the plaintiff's wish in this court of record that the 'MEMORAND[UM] OF LAW IN SUPPORT TO DISMISS PLAINTIFF'S COMPLAINT, OR, IN THE AL[]TERNATIVE, FOR A MORE D[E]FINITE STATEMENT' shall be dismissed from this United States District Court for the District of Maryland." *Id.* at 1. Nevertheless, plaintiff has not filed an opposition to the Motion to Dismiss, nor has he raised any arguments in opposition to the Motion to Dismiss, either in the Motion to Return or elsewhere. Accordingly, if plaintiff intends to oppose the Motion to Dismiss, he is directed to file his opposition by August 4, 2014.

## II. Conclusion

For the foregoing reasons, plaintiff's Motion to Return (ECF 10), Writ of Error (ECF 14), and Motion to Deny (ECF 16) are denied. And, to the extent plaintiff requests a hearing regarding the Writ of Error (*see* ECF 16), that request is denied. An Order implementing this ruling follows.

Date: July 21, 2014                                    /s/
                                                       Ellen Lipton Hollander
                                                       United States District Judge