IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL BOCHENSKI,

    *Plaintiff*,

    v.                                   Civil Action No. ELH-14-1031

M&T BANK,

    *Defendant*.

**MEMORANDUM**

Plaintiff Michael Bochenski, who is self-represented, filed suit against M&T Bank ("M&T" or the "Bank") in the Circuit Court for Anne Arundel County. ECF 2, "Complaint." Plaintiff alleged, *inter alia*, "fraud, theft and/or conspiracy to commit fraud" (*id.* ¶ 1) in relation to a residential mortgage loan (the "Loan") that plaintiff obtained in 1987, and which M&T first began to service in late 2011. ECF 2, ¶¶ 36, 38. M&T removed the action to this Court on the basis of diversity jurisdiction. ECF 1, "Notice of Removal."

On November 13, 2015, M&T filed a Motion for Summary Judgment (ECF 37), as well as a memorandum of law (ECF 37-2) (collectively, the "Motion"), claiming that Bochenski's only remaining claim is moot, and that "there is no longer a justiciable controversy for this Court to resolve." ECF 37 at 1. The Motion is supported by three exhibits, including an "Amortization Schedule Calculator" relevant to the Loan (ECF 37-1); the Declaration of Aimee Carpenter, a Banking Officer and Support Specialist in M&T's Mortgage Servicing Department (ECF 37-3, "Carpenter Declaration"); and the Declaration of Brian L. Moffett, Esq., counsel for defendant (ECF 37-4, "Moffett Declaration"). Plaintiff has not filed a response.[1]

---

[1] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on November 17, 2015, the Clerk informed plaintiff, *inter alia*, of his right to respond to the Motion within seventeen (17) days. *See* ECF 38. The letter also cautioned plaintiff that if he failed to

On December 22, 2015, defendant submitted a "Reply in Support of Motion for Summary Judgment" (ECF 39, "Reply"), along with two exhibits.  In the Reply, M&T urges the Court to grant the Motion as unopposed.

No hearing is necessary to resolve the Motion.  *See* Local Rule 105.6.  For the reasons that follow, I will grant defendant's Motion.

### I. Procedural History and Factual Background[2]

On September 30, 1987, plaintiff borrowed $65,000 to finance the purchase of a home on Tyler Avenue in Annapolis, Maryland, payment for which was secured by a Deed of Trust dated September 30, 1987.  ECF 2, ¶ 1; *see also* ECF 2-4 at 1, Deed of Trust. The lenders appear to have been Weaver Brothers, Inc. and the Community Development Administration, a division of the Maryland Department of Housing and Community Development.  *See* ECF 2-4 at 1, Deed of Trust.  M&T had no involvement with plaintiff's Loan until November 1, 2011, when the servicing of the Loan was reassigned from Bogman, Inc. ("Bogman") to M&T.  *See* ECF 2, ¶¶ 36, 38; ECF 37-3, ¶ 5, Carpenter Declaration.

Plaintiff contends that on January 9, 2012, he was notified by the Bank "that they now held the mortgage." ECF 2, ¶ 36.  Thereafter, a series of disputes arose between plaintiff and M&T as to several matters, including alleged overpayments by plaintiff in connection with his private mortgage insurance policy.  *See, e.g.*, ECF 2, ¶¶ 12, 13.  The alleged overpayments were largely made during the period when the Bank had no involvement with the Loan and have since

---

file a "timely written response" the Court could "dismiss the case or enter judgment against" him. *Id.* at 1.  The letter was accompanied by a copy of Fed. R. Civ. P. 12 and 56.  *Id.* at 2–4.

[2] For purposes of this Memorandum, it is unnecessary to review fully the procedural history and allegations.  However, I incorporate by reference the procedural background and the factual background, set forth in ECF 23 at 1–20.

been refunded.[3]  *See* ECF 2, ¶ 27; ECF 2-7 at 1–2 (copies of the checks refunding private mortgage insurance payments).   The various disputes culminated in plaintiff's suit against the Bank.   In a generous reading of the Complaint, plaintiff alleged fraud; civil conspiracy; harassment; breach of ethical conduct; accord and satisfaction; intentional infliction of emotional distress; theft; and negligence.   The Court also interpreted the Complaint to seek the remedies of "clear title," "quiet title," and a request for accounting.  *See generally* ECF 2.

As to plaintiff's claim for an accounting, he alleged that M&T failed to provide a "proper accounting" of his Loan obligation.   *See*, *e.g.*, ECF 2, ¶ 16 ("M&T . . . must create proper accounting of funds to [plaintiff's] account . . . in accordance [with] the Deed of Trust . . . ."); *id.* ¶ 46 (alleging that "M&T has never sent a correct escrow statement or an accounting" for plaintiff's Loan); *id.* ¶ 51 ("All M&T employees in all communications were demanded [to] generate proper accounting . . . . This statement and information has not been provided, as of this date."); *id.* ¶ 59 ("All parties have been demanded to get a full accounting . . . and these request [sic] are still being denied and cause the plaintiff continuing harm.").   According to plaintiff, "a full accounting will show the [mortgage] loan is paid off."  *Id.* ¶ 60; *see also id*. ¶ 33 (stating that "this loan . . . has been paid off on or about March 2012 . . . .").

In April 2014, M&T filed a "Motion to Dismiss Plaintiff's Complaint, or, in the Alternative, Motion for a More Definite Statement."   ECF 9.   In response, plaintiff filed a "Motion to return for this Federal District Court's, court of record AND to return case to Maryland Circuit Court for Anne Arundel County in Annapolis Maryland as case number 02-C-14-185059."   ECF 10.   Plaintiff also filed a "Writ of Error and Motion to Return Court Case to Original Jurisdiction" (ECF 14), and "Motion to Deny Defendant's Opposition and/or Request

---

[3] The issue of Bochenski's private mortgage insurance payments was addressed in ECF 23. *See id.* at 5–10, 35–36.

for a Hearing to Deny the Defendant's Deny Opposition" (ECF 16).  M&T filed oppositions to the Motion to Return and to the Writ of Error.  *See* ECF 11; ECF 15.  By Memorandum (ECF 17) and Order (ECF 18) dated July 21, 2014, the Court denied plaintiff's Motion to Return, Writ of Error, and Motion to Deny.  And, plaintiff was directed to file his opposition to M&T's Motion.  *See* ECF 18 ¶ 5.

Plaintiff filed two additional motions in August 2014:  a "Motion to Strike Defendants [sic] Motion to Dismiss and Amend Complaint to Claim and Hearing for Judgment and Stay Order" (ECF 19), supported by five exhibits, and a "Motion to Strike Defendants [sic] Motion to Dismiss and Amend Complaint to Claim and Hearing for Judgment and Stay Order or Motion to Dismiss in Circuit Court" (ECF 20), supported by an exhibit.  Although plaintiff styled these filings as motions, the Court construed the submissions as responses to defendant's Motion to Dismiss.  M&T filed a Reply.  ECF 21.

Notably, in defendant's submissions prior to the Court's ruling on March 10, 2015, the Bank failed to address the allegations as to an accounting.  By Memorandum and Order dated March 10, 2015, the Court dismissed all of the counts in plaintiff's Complaint, with the exception of plaintiff's demand for M&T to provide him with an accounting of his Loan obligation.  ECF 23 at 52–55; ECF 24; *see, e.g.*, ECF 2, ¶¶ 12, 16, 17, 20, 26.  That remaining claim is the subject of the Bank's Motion.

Thereafter, on March 24, 2015, M&T filed an answer to plaintiff's Complaint.  ECF 25.  On April 13, 2015, I referred the case to a magistrate judge for settlement.  ECF 30.  A settlement conference was scheduled for September 9, 2015. ECF 31; Docket.  However, the parties were unable to reach a resolution.  On September 22, 2015, the Court received a letter

from Bochenski requesting a trial by jury.   ECF 33.  By Order dated September 22, 2015, the

Court directed the Bank to submit a status report.  ECF 34.

On October 2, 2015, M&T filed a status report confirming that the parties "were unable

to reach a compromise." ECF 35 at 1.  Defendant further explained, *id.*:

> At the settlement conference, M&T provided plaintiff with an accounting of his
> loan for the period commencing June 1998 and continuing through payoff on
> September 5, 2014.  M&T explained to plaintiff that it is the third entity to service
> his loan, and the bank's accounting records for the loan are limited to its own
> records and the account/payment history maintained by the intermediate servicer.
> M&T does not have the account records of the initial servicer, and despite all
> reasonable efforts, has not been able to obtain such records.
>
> Inasmuch as M&T has provided plaintiff with his account/payment history dating
> back to June 1998 and is unable to provide any further records, M&T believes
> plaintiff's claim for an accounting is now moot and there is no remaining
> justiciable controversy for this Court to resolve.

Defendant also notified the Court that it intended to file a motion for summary judgment

and, by Order dated October 2, 2015, the Court permitted the Bank to do so.  ECF 36.  The Order

further provided: "Plaintiff's opposition and, if desired, a cross-motion for summary judgment is

due within twenty-one (21) days of the docketing of M&T's motion."  *Id.*

As noted, on November 13, 2015, defendant filed the pending Motion for Summary

Judgment.  ECF 37.  In its supporting Memorandum (ECF 37-2), the Bank asserts, *id.* at 1:

> On September 9, 2015, M&T provided Plaintiff with all of the documents
> maintained in the ordinary course of its business reflecting Plaintiff's payment
> history dating back to 1998. These documents included M&T's account history
> for Plaintiff's loan from 2011 through payoff in 2014, as well as the payment
> history from the entity that serviced Plaintiff's loan prior to M&T.

Defendant explains that "M&T serviced Plaintiff Michael Bochenski's mortgage loan

from November 2011 through the date on which Plaintiff Michael Bochenski paid off his loan on

September 5, 2014."  *Id. ¶* 8.  Moreover, the Bank has filed a "copy . . . of the accounting and

payment history for Plaintiff Michael Bochenski's loan while serviced by M&T. . . ."; *id.*; *see also id.* at 31–46 (M&T loan history).

Defendant's Motion also includes a copy of "the accounting and payment history acquired from Bogman for Plaintiff Michael Bochenski's loan." ECF 37-3, ¶ 6, Carpenter Declaration; ECF 37-3 at 24–29 (an accounting of plaintiff's Loan obligation while Bogman held the Loan). M&T states, however, that "servicing records of Bogman's predecessor servicer were not provided to M&T when the servicing of Plaintiff Michael Bochenski's loan was transferred from Bogman in November 2011." ECF 37-3, ¶ 7. The Bank notes that "[a]lthough M&T is unable to provide Plaintiff with the payment history or servicing records of the initial servicer, a loan amortization table using the terms of Plaintiff's loan (i.e. $65,000 payable over 30-years at a fixed interest rate of 8.65%) reflects almost the same loan balance in June 1998 as the balance reflected when Bogman started servicing Plaintiff's loan that same month and year." *Id.* at 3; *see also* ECF 37-1, Amortization Schedule Calculator.

The Bank also submitted the Declaration of defense counsel, Brian L. Moffett, Esq. He avers that on "September 9, 2015, [he] participated in a Settlement Conference on behalf of M&T to attempt to resolve this case." ECF 37-4, ¶ 2. Moffett asserts that during the conference, he provided plaintiff with an accounting of plaintiff's Loan obligations under Bogman and under M&T. *Id.* ¶ 3; *see also* ECF 37-4 at 3–26 (including the two documents Moffett provided to plaintiff, a loan history from Bogman and from M&T).

In sum, M&T posits that the "undisputed material facts reflect that Plaintiff was provided his full accounting history with M&T, as well as his accounting history with the prior servicer, Bogman, at the open-court Settlement Conference on September 9, 2015." ECF 37-2 at 5.

Therefore, defendant asserts: "Plaintiff's request for an accounting is, therefore, moot because

he has been provided with all of the relief he seeks and is entitled to receive." *Id.*

As noted, Bochenski has not submitted a response in opposition to the Motion.  On

December 22, 2015, the Bank filed a Reply, urging the Court to grant the Motion as unopposed.

ECF 39 at 1.  It states: "Plaintiff has not made any attempt whatsoever to respond to any of the

arguments raised by M&T in its Motion for Summary Judgment." *Id.* ¶ 8.  Moreover, defendant

claims that "rather than substantively respond to M&T's arguments, Plaintiff filed a *new* action

against counsel for M&T, as well as Judges of this Court, and various other individuals." *Id.* ¶ 9

(emphasis in original); *see also* ECF 39-2 at 2–3 (including what appears to be a copy of a suit

filed by plaintiff in the Circuit Court for Anne Arundel County against numerous parties

involved in this case,  alleging "Claim of trespass; and 'trespass on the case'").[4]  According to

defendant, "M&T is entitled to the entry of summary judgment in its favor on Plaintiff's only

remaining claim for his request for an accounting." ECF 39, ¶ 11.

## II. Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is

appropriate only "if the movant shows that there is no genuine dispute as to any material fact and

the movant is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S.

317, 322–24 (1986). The non-moving party must demonstrate that there are disputes of material

fact so as to preclude the award of summary judgment as a matter of law. *Matsushita Elec. Indus.

Co. Ltd. v. Zenith, Radio Corp.*, 475 U.S. 574, 586 (1986).

The Supreme Court has clarified that not every factual dispute will defeat the motion.

"By its very terms, this standard provides that the mere existence of *some* alleged factual dispute

---

[4] The suit appears to name the undersigned, among others.  However, I have not been
served, to my knowledge.

between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original).  A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.* There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [its] pleadings,' but rather must 'set forth specific facts' showing that there is a genuine issue for trial.'"  *Bouchat v. Baltimore Ravens Football Club, Inc.,* 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed. R. Civ. P. 56(e)), *cert. denied,* 514 U.S. 1042 (2004); *see also Celotex*, 477 U.S. at 322–24.  Moreover, in resolving a summary judgment motion, a court must view all of the facts, including reasonable inferences to be drawn from them, in the light most favorable to the non-moving party.  *See Matsushita Elec. Indus. Co. Ltd.*, 475 U.S. at 587; *see also Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor and City Council of Baltimore*, 721 F.3d 264, 283 (4th Cir. 2013); *FDIC v. Cashion*, 720 F.3d 169, 173 (4th Cir. 2013).

The judge's "function" in reviewing a motion for summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.  Thus, in considering a summary judgment motion, the court may not make credibility determinations. *Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015); *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007).  Moreover, in the face of conflicting evidence, such as competing affidavits,

summary judgment ordinarily is not appropriate, because it is the function of the fact-finder to resolve factual disputes, including matters of witness credibility. *See Black & Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006); *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644–45 (4th Cir. 2002).

However, to defeat summary judgment, conflicting evidence must give rise to a *genuine* dispute of material fact.  *Anderson,* 477 U.S. at 247–48.   If "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," then a dispute of material fact precludes summary judgment. *Id.* at 248; *see Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013). Conversely, summary judgment is appropriate if the evidence "is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 252.  And, "the mere existence of a scintilla of evidence in support of the [movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [movant]."  *Id.*

Given that the plaintiff is self-represented, his pleadings are to be "'liberally construed'" and "'held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim."  *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314, (D. Md. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, DKC 10–3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Additionally, a federal court sitting in diversity must apply the law of the state in which the court is located.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir. 2007).

### III. Discussion

As noted, plaintiff's Complaint alleges that, despite his own repeated efforts, he was unable to obtain from the Bank a "proper accounting" of his Loan obligation. *See, e.g.*, ECF 2, ¶¶ 46, 20, 51.  The Bank maintains that because it is undisputed that it has provided plaintiff with an accounting, plaintiff's claim is moot.  *See* ECF 37, Motion.  For the reasons that follow, I agree with defendant.

"In Maryland, a claim for an accounting is available when 'one party is under [an] obligation to pay money to another based on facts and records that are known and kept exclusively by the party to whom the obligation is owed, or where there is a [confidential or] fiduciary relationship between the parties . . . .'" *Polek v. J.P. Morgan Chase Bank, N.A.*, 424 Md. 333, 365, 36 A.3d 399, 418 (2012) (quoting *P.V. Props., Inc. v. Rock Creek Village Assocs. Ltd. P'ship*, 77 Md. App. 77, 89, 549 A.2d 403, 409 (1988)) (alteration to restore accurate quotation of *P.V. Properties*); *see also Ahmad v. Eastpines Terrace Apts., Inc.*, 200 Md. App. 362, 378, 28 A.3d 1, 10, *cert. denied*, 424 Md. 55, 33 A.3d 982 (2011).

"Maryland courts, however, have demonstrated a reluctance to permit accounting claims where the records could have been kept by the party seeking the accounting." *Clarke v. Dunn*, DKC-13-2330, 2014 WL 4388344, at *11 (D. Md. 2014) (citing *Polek*, 424 Md. at 365–66, 36 A.3d at 418).  For example, in *Polek*, 424 Md. at 365–66, 36 A.3d at 418, the Maryland Court of Appeals found that, even when a borrower was obligated to make payments under a mortgage, "the mortgage loan documents were not kept and held by [the bank] exclusively, unless one considers the loss or destruction by [borrowers] of their copies as creating this situation de facto."  Further clarifying the record-keeping obligations of mortgage assignees, the *Polek* Court stated, *id.* at 366:

> We shall not require, as a matter of law, that assignees of secondary mortgage loans provide a record-keeping service for many years after the contractual obligation to pay money has been concluded, simply because borrowers failed to maintain their own records.

Although plaintiff complains that his accounting was "incomplete" because it did not cover 1987 through 1997 (ECF 2, ¶ 14), the guidance in *Polek* significantly diminishes any alleged obligation that M&T has to provide an accounting of plaintiff's Loan from before M&T became the servicer in 2011.  Indeed, plaintiff has not advanced any compelling argument to suggest that the "facts and records" for his Loan under previous servicers "are known and kept exclusively by" M&T.  *Polek*, 424 Md. at 365, 36 A.3d at 418.

To be sure, plaintiff also alleged that his accounting was incomplete because it excluded "year 2012 to current date . . . ."  ECF 2, ¶ 14.  However, the accounting that defendant says it has now provided to plaintiff includes payment history through September 5, 2014, when Bochenski paid off his Loan in full.  *See* ECF 37-3, ¶ 8, Carpenter Declaration; ECF 37-3 at 42 (Customer Account Activity Statement dated 03/14/15 and showing a "current principal balance" of "0.00"); ECF 37-4, ¶¶ 2, 3, Moffett Declaration.

Although an independent cause of action for accounting has not been entirely abolished in Maryland, it is no longer necessary in most cases and is rarely recognized.  In *1899 Holdings, LLC v. 1899 Ltd. Liability Co.*, CCB-12-297, 2013 WL 142303, at *4 (D. Md. 2013), Judge Blake said: "[A] a demand for an accounting is generally not an independent cause of action in Maryland but rather a remedy to another cause of action. If the court dismisses all other causes of action upon which a claim for an accounting could depend, then a claim for accounting should also be dismissed. An accounting may be available to a plaintiff, however, in conjunction with another valid cause of action or in limited exceptional circumstances."  (Citations omitted and alteration added).  *See West v. Koehler*, RDB-11-3051, 2012 WL 868657, at *7 (D. Md. 2012)

(noting that "a claim for accounting is not cognizable as an independent cause of action"); *Alternatives Unlimited, Inc. v. New Baltimore City Bd. of School Com'rs*, 155 Md. App. 415, 510–11, 843 A.2d 252, 307–08 (2004) (observing that the equitable claim for an accounting "has been superseded by modern discovery rules").

I am mindful that formal discovery has not taken place in this case.  However, defendant has provided ample support to demonstrate that any possible objectives of discovery have already been met.

To illustrate, defendant has submitted considerable documentation of the accounting that plaintiff was provided during the settlement conference on September 9, 2015, including Loan servicing records and plaintiff's payment history on the Loan dating from 1998 to present.  *See* ECF 37-4, ¶¶ 2, 3, Moffett Declaration; ECF 37-4 at 3–26.   These documents provide a detailed record of plaintiff's payment history while the Loan was serviced by M&T (ECF 37-4 at 10–26), and also while the Loan was held and serviced by Bogman.  ECF 37-4 at 3–9.  Defendant has also submitted sworn statements averring that "M&T is unable to determine the original servicer" of plaintiff's loan. ECF 37-3, ¶ 4, Carpenter Declaration.   In addition, "servicing records of Bogman's predecessor servicer were not provided to M&T when the servicing of [plaintiff's] loan was transferred from Bogman in November 2011." *Id.* (alteration added).

As indicated, plaintiff has not filed a response in opposition to the Motion.  Nor has he challenged the validity of the documents provided or the sworn statements contained in ECF 37-3 and ECF 37-4.  Thus, plaintiff has clearly failed to demonstrate that there are disputes of material fact so as to preclude the award of summary judgment.  *Matsushita Elec. Indus. Co. Ltd.*, 475 U.S. at 586; *Anderson*, 477 U.S. at 247–48; *Bouchat*, 346 F.3d at 522.  Indeed, the

record in this case "is so one-sided" that the defendant "must prevail as a matter of law." *Anderson*, 477 U.S. at 252.

Put another way, Bochenski's final remaining claim is now moot.  A case becomes moot when the issues presented are "'no longer live or the parties lack a legally cognizable interest in the outcome.'" *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)) (other internal citations omitted); *see also United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008).   "'The inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'"  *Hardy*, 545 F.3d at 283 (quoting *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974)); *see also Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted).

In *Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 133 (2011), the Court said: "Continued adherence to the case-or-controversy requirement of Article III maintains the public's confidence in an unelected but restrained Federal Judiciary . . . . For the federal courts to decide questions of law arising outside of cases and controversies would be inimical to the Constitution's democratic character."  *See also Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004) (stating that Article III standing "enforces the Constitution's case-or-controversy requirement"), *abrogated in part on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, ___ U.S. ___, 134 S. Ct. 1377, 1387–88 (2014); *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006) (stating that Article III "gives federal courts jurisdiction only over cases and controversies") (internal quotation marks and citations omitted).

In other words, during the pendency of a case, an actual controversy must exist.  *See Steffel v. Thompson,* 415 U.S. 452, 459 n.10 (1974); *Williams v. Ozmint*, 716 F.3d 801, 808 (4th

Cir. 2013). And, in the absence of a case or controversy, "the litigation is moot, and the court's subject matter jurisdiction ceases to exist . . . ." *S.C. Coastal Conservation League v. U.S. Army Corps. of Eng'rs*, 789 F.3d 475, 482 (4th Cir. 2015); *see Gardner v. GMAC, Inc.*, 796 F.3d 390, 396, n.4 (4th Cir. 2015) (stating that, in the absence of a case or controversy, the court lacked subject matter jurisdiction). Indeed, "[w]here on the face of the record it appears that the only concrete interest in the controversy has terminated, reasonable caution is needed to be sure that mooted litigation is not pressed forward. . . ." *Lewis*, 494 U.S. at 480.

Here, plaintiff has obtained the relief he requested. As indicated, the Bank provided Bochenski with an accounting. This resolved the only pending controversy. When developments occur during the course of a case that prevent the court from being able to grant the requested relief, the case must be dismissed. *See Flast v. Cohen*, 392 U.S. 83, 95 (1968). M&T has successfully shown "that there is no genuine dispute as to any material fact" in this case, *Celotex Corp.*, 477 U.S. at 322–24, and that there is no remaining "genuine issue for trial." *Anderson*, 477 U.S. at 249. Accordingly, viewing all of the facts in the light most favorable to plaintiff, defendant has met its burden under Fed. R. Civ. P. 56.

### IV. Conclusion

For the foregoing reasons, I will grant M&T's Motion for Summary Judgment. An Order follows, consistent with this Memorandum.

Date: April 20, 2016

/s/
Ellen Lipton Hollander
United States District Judge

14